(R.D. 11306)

GENE SHELLY IMPORTS *v.* UNITED STATES

Entry No. 107119.

(Decided May 17, 1967)

*Stein & Shostak* for the plaintiff.

*Barefoot Sanders*, Assistant Attorney General, for the defendant.

WATSON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the respective parties herein:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court:

1. That the merchandise covered by the appeal for reappraisement enumerated in the attached Schedule of Cases, manufactured by Hip Kee, consists of wearing apparel for women, and that, at the time of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantity and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the f.o.b. unit values, as invoiced, net packed, less 20 percent.

2. That all the merchandise covered by the appeal for reappraisement was entered subsequent to February 27, 1958.

3. That the merchandise the subject of the appeals for reappraisement enumerated in the attached Schedule is not identified in the Final List published by the Secretary of the Treasury in T.D. 54521, pursuant to the Customs Simplification Act of 1956, T.D. 54721, effective February 27, 1958.

4. That the appeal for reappraisement enumerated in the attached Schedule of Cases may be deemed submitted for decision on the foregoing stipulation.

On the agreed facts, I find and hold export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, to be the proper basis for the determination of the value of the merchandise here in question and that such values were the f.o.b. unit values, as invoiced, net packed, less 20 percent.

Judgment will issue accordingly.